```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-21839-Civ-GOLD
                         MAGISTRATE JUDGE P.A. WHITE

EUGENE DUPREE,                  :

     Petitioner,                :

v.                              :     REPORT OF
                                      MAGISTRATE JUDGE
WALTER A. McNEIL,               :

     Respondent.                :
_____
```

## I. Introduction

Eugene Dupree, who is presently confined at DeSoto Correctional Institution in Arcadia, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking the judgment imposed upon the revocation of his probation in case number F91-11737, entered in the Eleventh Judicial Circuit Court for Dade County on April 24, 2008.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause and appendix of exhibits.

## II. Claims

Construing the *pro se* movant's arguments liberally as required, See, generally, Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989)(citations omitted), petitioner appears to raise the following claims: 1) he was denied effective assistance of counsel when his lawyer failed to advise him that the Department of Corrections could forfeit previously-earned "gain time" on his

1

underlying prison sentence if petitioner pled guilty to a probation violation; and 2) he was denied effective assistance of counsel when his lawyer failed to advise him that he was entitled to have credit for time served on his underlying prison sentence applied to the additional time imposed for the probation violation.

### III.  Facts and Procedural History

On April 22, 1991, Petitioner was charged by Information filed in Case No. F91-11737 with sexual battery in violation of Fla.Stat. § 794.011(2), a life felony. [DE #10, App. C].  On January 16, 1992, he pled guilty and received a "split sentence" consisting of to a term of twenty (20) years in state prison, followed by a period of ten (10) years probation. [DE # 10, App. A, B & Y].  The Order of Probation stated in relevant part:

> You are hereby placed on notice that . . . if you violate any of the conditions of your probation, you may be arrested and the Court may revoke your probation; . . . an impose any sentence which it might have imposed before placing you on probation . . .

[DE # 10, App. Y].

Petitioner acknowledged receipt of a certified copy of the order, and that the conditions had been explained to him.  [DE # 10, App. Y].

Petitioner did not appeal the judgment and sentence. [DE # 10, App. A].

While in prison, Petitioner accrued 4119 days of gain-time and, as a result, was released to probation on December 14, 1999, after serving approximately 7 ½ years of his prison term.  [DE # 10, App. Z].  In the years following his release, a variety of actions and modifications occurred with regard to Petitioner's probation. [DE #, App. A, T, U, V, & X].  Eventually, on April 24, 2008, Petitioner pled guilty to an alleged violation, and his

probation was revoked. [DE # 10, App. D, W].  Pursuant to the plea agreement with the State, the Court sentenced Petitioner to 366 days on the violation, with no credit for time served other than in jail from his March 18, 2008 booking date. [DE # 10, App. D & E]. Petitioner did not appeal the judgment and sentence. [DE # 10, App. A].

The transcript of proceedings from the April 24, 2008 hearing reflects the following:

> THE COURT: . . .It's my understanding that you wish to admit the Violation.  Upon your Admission to the Violation, your probation will be revoked.  You will be sentenced to 366 days in State Prison.
> You will be given credit for the time you've been in, since March 18th, 2008.  And your probation will be over.
> Is that your understanding of the plea?
> THE DEFENDANT: Yes, sir.
> THE COURT: Is that what you talked about with your lawyer?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you wish to accept those terms?
> THE DEFENDANT: Yes, sir.
> THE COURT: Is anyone forcing you to do so?
> THE DEFENDANT: No, sir.
> THE COURT: Anybody promised you anything to get you to do so?
> THE DEFENDANT: No, sir.
>                . . .
> THE COURT: Mr. Dupree have you had enough time?
> THE DEFENDANT: Yes.
> THE COURT: Is there anything you would like your lawyer to do?
> THE DEFENDANT: No, sir.
> THE COURT: Are you satisfied with the representation?
> THE DEFENDANT: Yes, sir.

[DE # 10, App. E, pp. 18-19, 22).

Upon being re-committed to state custody for the probation violation, the Department of Corrections forfeited the 4119 days of gain-time Petitioner had previously earned on his underlying prison sentence, gave him 38 days credit for the time served in jail from his March 18, 2008 and, after adding the additional 366 days imposed and deducting other gain-time credits, computed a new tentative release date of February 5, 2019. [DE # 10, App. Z].

On April 5, 2009, Petitioner delivered to prison officials for mailing a "Motion for Time Served" pursuant to Fla.R.Crim.P. 3.800(a). [DE # 10, App. G].  Petitioner's motion alleged that the trial court erred in "not awarding defendant time actually served in prison at revocation sentencing," and generally cited Florida's Tripp[1] line of cases for the proposition that he was entitled to have credit for prison time served on the incarcerative portion of his "split sentence" applied to the additional time imposed for his probation violation. [DE # 10, App. G].  The 3.800(a) motion was denied and, after taking an unsuccessful appeal, Petitioner filed a Motion for Rehearing and Rehearing en Banc, which was also denied. [DE # 10, App. A, H & L].  The mandate issued on November 13, 2009.

On November 15, 2009, Petitioner delivered to prison officials for mailing motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850. [DE # 10, App. N.].  In that motion, Petitioner sought to withdraw his plea on two grounds: 1) that counsel was ineffective for failing to advise that the Department of Corrections could forfeit previously-earned "gain time" on his underlying prison sentence if petitioner pled guilty to a probation violation, and 2) that his plea was involuntary because the trial court failed to explain that the Department of Corrections could

---

[1] Tripp v. State, 622 So.2d 941 (Fla. 1993).

forfeit previously-earned "gain time" on his underlying prison sentence if petitioner pled guilty to a probation violation. [DE # 10, App. N].  Petitioner's 3.850 also made reference to the Tripp credit-for-time issue raised in his 3.800(a) motion. [DE # 10, App. N, pp. 5, 6].

Petitioner's 3.850 motion was denied as untimely and, in the alternative, on the basis that counsel was not ineffective for failing to advise Petitioner of the potential collateral consequence of lost prison gain-time. [DE # 10, App. O].  After taking an unsuccessful appeal, Petitioner filed a Motion for Rehearing and Rehearing en Banc, which was also denied.  The mandate issued on June 14, 2010. [DE # 10, App. R & S].

On June 1, 2010, Petitioner delivered to prison officials for mailing the current pro se petition for writ of habeas corpus. [DE # 1].  In it, Petitioner states that his first ground for relief is that counsel was ineffective for failing to advise him that ". . . even though he plead out to one year and one day, that the Department of Corrections could and would forfeit the 12 years gain time . . ." [DE # 1, p. 6].  As his second ground, Petitioner alleges that counsel was ineffective for failing to advise him that ". . . all previous prison time actually served in D.O.C. should be awarded . . ." [DE # 1, p. 8].

IV.  Threshold Issues - Timeliness, Exhaustion and Procedural Bars

As the record reflects, Respondent rightfully concedes that the instant petition is timely filed.  See 28 U.S.C. §2244(d).  Respondent further concedes that Petitioner has exhausted his state court remedies and that his claims are not procedurally defaulted.  See, 28 U.S.C. §2254(b)(1)(A).  Petitioner is thus entitled to review on the merits.

V.  Standard of Review

This petition is governed by the Antiterrorism and Effective

5

Death Penalty Act of 1996 (the "ADEPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Under the ADEPA, a federal court's review of a state prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is greatly circumscribed and highly deferential to the state courts. Renico v. Lett, ___ U.S. __, 130 S. Ct. 1885, 1862 n.1 (2010); Crawford v. Head, 311 F.3d 1288, 1295 (11 Cir. 2002). Specifically, the ADEPA provides that a federal court may not grant the writ for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v.

6

Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003). So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Even where a state court denies a application for post-conviction relief without written opinion, that decision constitutes an "adjudication on the merits" and is thus entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dep't of Corr., 278 F.3d 1245, 1255 (11 Cir. 2002). Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

In the instant case, Petitioner seeks habeas relief based on ineffective assistance of counsel. The United States Supreme Court clearly established the law governing such claims in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. With regard to Strickland's first prong, deficient performance means performance outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 690. As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. In the context of a guilty plea, Strickland's prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v.

Lockhart, 474 U.S. 52, 59 (1985). Where a guilty plea has been entered, Strickland's second prong requires a showing that, but for counsel's alleged errors, there is a reasonable probability that the petitioner would not have pleaded guilty and would have insisted on going to trial. Id.

## VI.  Discussion

With regard to Petitioner's claim that he was denied effective assistance of counsel when his lawyer failed to advise him that the Department of Corrections might forfeit all his previously accrued gain-time, a consequence the state court characterized as collateral that his counsel need not mention, Petitioner cannot establish prejudice. The court thus need not address the arguably difficult question of whether counsel's performance was deficient.[2]

---

[2] Strickland prongs need not be considered in any particular order, and failure to establish either is fatal and makes it unnecessary to consider the other. Stickland, 466 at 697. Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. at 697. Here, that course is indicated in light of the Supreme Court's recent decision in Padilla v. Kentucky, __ U.S. __, 130 S.Ct. 1473, 1485 (2010).

Prior to Padilla, federal courts of appeal had frequently concluded that an attorney who failed to inform his client of the "direct" consequences of a conviction was ineffective, but that an attorney need not mention "collateral" consequences. See, McDonanld v. Hardy, 359 Fed.Appx. 650, 655 (7th Cir. 2010)(holding that the state court's determination that loss of good-time credit was collateral and that counsel's silence about it permissible was not objectively unreasonable under federal law). Collateral consequences had been described as, *inter alia*, those that, even if automatic, were beyond the control and responsibility of the sentencing court, or in the hands of another government agency. Id. (collecting cases).

In Padilla, the defendant's counsel provided erroneous misadvice regarding immigration consequences of entering a guilty plea. Padilla, 130 S.Ct. at 1478. The Court held not only that counsel's performance was deficient to the extent of the affirmative misadvice, but also that Strickland applied to the petitioner's claim to the extent that it alleged omissions by counsel with regard to matters that would not be decided in the criminal case. Id. at 1484. The Court noted that it had never applied a distinction between direct and collateral consequences to define counsel's duties under Strickland, and declined to address the propriety of doing so due to the "unique nature of deportation." Id. at 1481. The reach of Padilla beyond the deportation context is unclear, as is its potential retroactivity. See, e.g., Bauder v. Dep't of Corrections, __ F.3d __, 2010 WL 3527536, *2 (11th Cir. 2010 (citing Padilla generally for the proposition that a criminal defense attorney must advise his client that pending criminal charges carry a risk of adverse collateral consequences); United States of America v. Bakilana, 2010 WL 4007608 (E.D.Va. 2010)(declining to extend Padilla to potential damages for

Here, Petitioner's claim fails on the prejudice prong because he cannot make the requisite showing that there is a reasonable probability that, but for counsel's alleged errors, the outcome of the proceedings would have been different. In the plea context, a habeas petitioner's "mere allegation that he would have insisted on trial . . . , although necessary, is ultimately insufficient to entitle him to relief" on a claim of ineffective assistance. U.S. v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); see, also, Hutchings v. U.S., 618 F.3d 693 (7th Cir. 2010); U.S. v. Farley, 72 F.3d 158, 165 (D.C. Cir. 1995). Rather, the petitioner must generally come forward with some objective evidence that he would not have pled guilty. Hutchings, 618 F.3d at 697. In addition, there must be some showing that the decision to reject the plea bargain would have been rational under the circumstances. See Padilla, 130 S.Ct. at 1485. As such, the court must look to the totality of the objective factual circumstances surrounding the plea in order to determine whether there is a reasonable probability that the petitioner would have insisted on trial. See, generally, Hill, 474 U.S. at 59; Hutchings, 618 F.3d at 697. In many guilty plea cases, this inquiry will closely resemble the inquiry that the court would engage in to determine whether the result would have been different had the petitioner proceeded to trial, and will generally include assessment of matters such as the strength of the prosecution's case, any available defenses, the plea colloquy and negotiations, and the potential sentencing exposure. See, Hill, 474 U.S. at 59-60; Farley, 72 F.3d at 165. These issues are relevant precisely because they provide

---

a civil suit because such a collateral consequence did not rise to the same level as deportation in terms of its pervasive effects on a defendant's life); United States v. Chaidez, __ F.Supp.2d __, 2010 WL 3184150 (N.D. Ill. 2010)(holding Padilla applied retroactively, but noting disagreement among courts regarding same).

circumstantial evidence of the defendant's state of mind in making the plea. Miller v. Champion, 262 F.3d 1066, 1073 (10th Cir. 2001); see, also, Singleton v. Sec'y of Dept. Of Corr., 2009 WL 975 783, *4 (M.D. Fla. 2009 ("The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial."). Petitioner's subjective statements that he would have proceeded to trial can thus only support a finding of prejudice "if combined with probative, objective evidence" that the result would somehow have been different. Hutchings, 618 F.3d at 697. Here, none exists. To the contrary, the record evidence refutes any such contention.

Petitioner was originally convicted of sexual battery in violation of Fla.Stat. § 794.011(2). [DE #10, App. C]. The charge carries a maximum sentence of life imprisonment. Fla. Stat., §§ 794.011(2)(a); 775.082(2). Petitioner, however, was sentenced to a term of only twenty (20) years, followed by ten (10) years of probation. [DE # 10, App. A, B & Y].

With regard to the charges against him, Petitioner was alleged to have violated his probation by using controlled substances and failing to pay the costs of supervision. [DE # 10, App. T., pp. 106 - 08]. The probation officer had submitted a sworn affidavit attesting that Petitioner had submitted a urine sample that tested positive for marijuana and cocaine, and that he had additionally admitted to these violations. [DE # 10, App. T, pp. 106 - 107]. The Violation Report and Affidavit of Violation of Probation also indicated that Petitioners was $734.69 in arrears on the cost of supervision. [DE # 10, App. T, pp. 106 - 108]. And there is nothing in the record to suggest that Petitioner had any viable defense.

Florida law provides that, when probation or community control is revoked, the court may impose any sentence it might have

originally imposed before placing the individual on probation. Fla. Stat., § 948.06(2)(b) & (e). Petitioner was advised of this. [DE # 10, App. Y]. As such, Petitioner knew he was potentially facing a sentence far in excess of the 366 days offered as part of the negotiated plea deal. This, combined with the fact that there was strong evidence against him and no suggestion of any viable defense, refutes any conclusory, after-the-fact contention that he would have insisted on going to trial. As such, he cannot establish prejudice. See, Padilla, 130 S.Ct. at 1485 (petitioner must convince the court that a decision to reject a plea bargain would have been rational under the circumstances); Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991)(after-the-fact testimony, without more, insufficient to establish that but for counsel's alleged advice or inaction result would have been different); Hutchings, 618 F.3d at 697 (petitioner must come forward with objective evidence that he would not have pled guilty).

With regard to Petitioner's claim that he was denied effective assistance of counsel when his lawyer failed to advise him that he was entitled to have credit for time served on his underlying prison sentence applied to the additional time imposed for the probation violation, Petitioner similarly cannot establish prejudice.

The state's plea offer was specifically contingent on Petitioner receiving no credit for time served.[3] [DE 10, App. E, pp. 3 - 4]. Had Petitioner insisted that he be given credit for time previously served in prison, there simply would have been no deal.

Under Florida law, credit for time served may be waived as part of a plea agreement. Joyner v. State, 988 So.2d 670, 672 (Fla. 3rd DCA 2008); Johnson v. State, 974 So.2d 1152, 1152 (Fla.

---

[3]The state did ultimately agree to limited credit for time served from Petitioner's booking date on the probation violation.

11

3rd DCA 2008)("A provision in a plea agreement that the defendant is to be awarded credit for time served from a specific date effectively waives any claim for time served before that date."). See, also, Young v. State, 15 So.3d 819, 821 (Fla. 3rd DCA 2009); Williams v. State, 12 So.3d 896 (Fla. 3rd DCA).  This is exactly what Petitioner did.  During the plea colloquy, the Court specifically advised Petitioner that he would only be "given credit for the time you've been in, since March 18, 2008." Id. at pp. 6. Petitioner acknowledged that this was his understanding of the plea, and that he wished to accept the terms. [DE 10, App. E, pp. 3 - 4].  While it may be true that under Florida law sometimes mandatory application of "Tripp" credit may have the practical result of "erasing the subsequent sentence for the probation violation because the subsequent sentence is less that the original incarcerative period," Larimore v. State, 823 So.2d 287, 288 (Fla. 1st DCA 2002), it is absurd to suggest that the state or the court would have accepted an arrangement that effectively imposed no penalty whatsoever for the violation.

The record is thus devoid of any objective evidence that the outcome of the proceedings would have been different had his lawyer advised him that he was entitled to have credit awarded for his prior time in prison.  As detailed above, Petitioner has not offered any hint of a defense to the alleged probation violation, the state had a strong case, and he was potentially exposed to much more than the 366 days offered as part of the plea agreement. This, combined with the fact that the offer was specifically contingent on Petitioner waiving any credit for time served prior to a date certain, which is permissible under Florida law, refutes any conclusory, after-the-fact contention that he would have insisted on going to trial.  As such, he cannot establish prejudice.   See, Padilla, 130 S.Ct. at 1485 (petitioner must convince the court that a decision to reject a plea bargain would

have been rational under the circumstances); Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991)(after-the-fact testimony, without more, insufficient to establish that but for counsel's alleged advice or inaction result would have been different); Hutchings, 618 F.3d at 697 (petitioner must come forward with objective evidence that he would not have pled guilty).

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be DENIED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 27th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Eugene Dupree, pro se
     DC# 191855
     DeSoto Correctional Institution
     13617 S.E. Highway 70
     Arcadia, FL 34266


     Forrest L. Andrews, Jr., AAG
     Office of the Attorney General
     444 Brickell Ave., Suite 650
     Miami, FL 33131