UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 10-21839-CV GOLD/WHITE

EUGENE DUPREE,

    Petitioner,

v.

WALTER A. McNeil,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS; CLOSING CASE

THIS CAUSE is before the Court upon Magistrate Judge White's Report and Recommendation [ECF No. 16] entered October 27, 2010 (hereinafter, the "Report"). In the Report, Judge White recommends denial of Petitioner's Motion for writ of *habeas corpus*. Petitioner filed objections to the Report on November 10, 2010. [ECF No. 17]. Having reviewed the Report, the Objections, relevant parts of the record, and applicable law I affirm and adopt the Magistrate Judge's Report.

**I.    BACKGROUND**

On April, 22, 1991, Petitioner was charged with sexual battery in violation of Fla. Stat. § 794.001(2), punishable up to life imprisonment. On January 16, 1992, he pleaded guilty and received a split-sentence of twenty years in state prison, followed by ten years probation. [ECF No. 16 at 2]. Petitioner spent seven and one half years in prison, accruing 4,119 days of gain-time and was released on December 14, 1999. After his release, Petitioner violated his probation. He subsequently pleaded guilty to the violation on April

24, 2008. As a condition for the Government's acceptance, Petitioner agreed in his negotiated plea to forfeit all gain-time earned.

Petitioner was sentenced, in accordance with his plea, to 366 days by the sentencing Judge. [ECF No. 16 at 3]. During the sentencing hearing, the Judge told Petitioner that his probation would be revoked, that he would be sentenced to 366 days of incarceration in State Prison, and that he would be given credit for time served *only* for the time he served since his arrest for violating parole on March 18, 2008. [*Id.*] The Court also asked if Petitioner was satisfied with his representation and if he wanted his lawyer to assist him in any other way. Petitioner stated that he was both satisfied with his representation and that he needed no further assistance. [*Id.*] After Petitioner was sentenced, the Department of Corrections followed through with the terms set out in the negotiated plea, thereby forfeiting Petitioner's 4,119 days of gain-time as a result of his parole violation. On June, 4 2010, the *pro se* Petitioner filed a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 claiming the increase of his sentence was due to violations of his Sixth Amendment right to effective assistance of counsel.

## II.    STANDARD OF REVIEW

In reviewing objections to the Report, "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1)©. Although the standard of my review is *de novo*, I am not required to reassess every single finding and determination in the Report because "the statute permits the district court to give the magistrate's proposed findings of fact and recommendations such weight as [their] merit

commands and the sound discretion of the judge warrants without violating a party's due process rights, so long as the ultimate decision is made by the district court." *Jean-Baptiste v. Gutierrez*, 680 F. Supp. 2d 1318, 1320–21 (S.D. Fla. 2010), *rev'd on other grounds*, Case No. 10-11129 (11th Cir. Dec. 6, 2010) (internal quotation marks omitted)).

### III. DISCUSSION

Petitioner makes several objections to the Report, most falling under his claim that he was denied effective assistance of counsel in accordance with the Supreme Court's decisions in *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985). Petitioner also claims violations under Florida sentencing law according to *Tripp v. State*, 662 So. 2d 941 (Fla. 1993), and *Larimore v. State*, 823 So. 2d 287 (Fla. 1st Dist. Ct. App. 2002).

#### A.   Sixth Amendment Claims

In his objections filed, Petitioner essentially argues that his right to effective counsel was violated under *Strickland* and *Hill* in three ways: 1) neither his counsel nor the court disclosed to him that the Department of Corrections had the ability to forfeit Petitioner's gain-time, 2) neither his counsel nor the trial court explained to him that he would be subject to a longer prison term than the 366 days he agreed to in his plea, and 3) his counsel failed to adequately explain the differences between jail and prison time.

In order to show that counsel was ineffective, Petitioner must satisfy both prongs of the *Strickland* test, which requires Petitioner to prove that counsel's performance was both deficient and that the deficiency subsequently prejudiced him. *Strickland*, 466 U.S. at 690. In *Hill*, the Court held that the two-part *Strickland* test for determining counsel's

effectiveness was applicable to plea bargains. *Hill*, 474 U.S. 52 at 58.

Counsel's performance is deficient when it is not the result of "reasonable professional judgement" and "outside the wide range of professional competent assistance." *Strickland*, 466 U.S. at 690. Effectiveness must not be viewed in retrospect, but in the context and circumstances as they were presented to counsel at that time. *Id.* Furthermore, there is a strong presumption in favor of counsel making reasonable professional judgement for their clients. *Id.* A counsel's function, "as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Id.* The Court further stated that if counsel makes a professionally unreasonable error, that error "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Therefore in order to satisfy *Strickland*, a Petitioner must also assert that he was prejudiced by his counsel's error. A Petitioner is "prejudiced" only when he can show, "with a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."[1] *Strickland*, 466 U.S. at 694. In the context of pleas, the Petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59.

Based on these considerations, Petitioner has not proven that his Sixth Amendment right to effective assistance of counsel was violated because he has not shown that he was "prejudiced" within the meaning of *Strickland* test.

---

[1] After Petitioner was sentenced, the Supreme Court further narrowed the prejudice prong by requiring a defendant to show that a decision to reject the plea would have been rational under the circumstance. *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010).

Petitioner asserts that his counsel was ineffective for failing to notify him that there could be additional consequences to his guilty plea, that the Department of Corrections could forfeit his gain-time, and that his counsel never discussed the distinction between jail time and prison time. Despite these claims, Petitioner has provided no evidence to show that but for counsel errors, the result of the sentencing proceeding would have been different. Petitioner entered a negotiated plea of guilty to his parole violation, that plea was accepted by the sentencing Judge, and he was accordingly sentenced to the agreed-upon 366 days. For the purpose of representing Petitioner during sentencing, counsel was effective in assisting Petitioner negotiate the plea. Petitioner acknowledged, in the trial transcript, that he was satisfied with his representation and requested nothing further from his counsel.

> THE COURT: Is there anything you would like your lawyer to do?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you satisfied with the representation?
>
> THE DEFENDANT: Yes, sir.
>
> [EFC No. 16 at 3].

Furthermore, both the record and the Report show that Petitioner did, in fact, know that a required condition to the Government's acceptance of his plea was Petitioner's forfeiture of the 4,119 days of gain-time he had earned. *Id.* at 11. Petitioner's counsel could not have been ineffective for failing to inform him about losing gain-time when the Petitioner accepted a plea bargain specifically contingent on that fact.

Petitioner's claim that he was prejudiced by the sentencing Judge's lack of

5

disclosure about the potential Department of Corrections action fail for the same reason. If Petitioner did not understand what he was pleading to, he had the opportunity to address that issue with the sentencing Judge. He failed to do so then and cannot now propose unsubstantiated claims asserting that he would have pleaded differently. *See Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) (wholly after-the-fact testimony insufficient to satisfy the "but for" requirement of prejudice). Finally, Petitioner's claim that his counsel was ineffective for not disclosing the difference between jail and prison time are at most harmless error and would have had no bearing on the outcome of Petitioner's case. *See Strickland* 466 U.S. at 691.

Because I have determined that Petitioner claims for ineffective assistance of counsel fail under the "prejudice" prong of the *Strickland* test, I refrain from deciding whether Petitioner's counsel had a duty to disclose the potential consequences the Department of Corrections could take against the Petitioner.[2] As correctly recognized in the Report, once a Petitioner fails one prong of the *Strickland* test, a court need not to proceed any further [ECF No. 16 at 8].

### B. State Sentencing Claims

Petitioner also argues that the *Tripp* and *Larimore* cases support a conclusion that

---

[2] There is support for the conclusion that forfeiture of gain-time is a collateral consequence of pleading guilty, and therefore not within the responsibility of Petitioner's counsel to disclose. The Seventh Circuit struggled on whether gain-time credit is collateral or a direct consequence of sentencing. *See McDonald v. Hardy*, 359 F. App'x. 650, 655 (7th Cir. 2010). In *McDonald,* the state court concluded that plaintiff's counsel was not ineffective for not disclosing the potential differences in applicable gain-time credit for pleading to first and second degree offenses. The Seventh Circuit found that the state court's decision was not outside the range of professional judgement allotted for defense counsel. *Id.* However, this begs the question of whether the 7th Circuit would have done the same if the state court had ruled in favor of a requirement of disclosure of gain-time.

he must receive credit time served for his previous period of incarceration. These cases are factually distinguishable from Petitioner's situation in two ways. First, both the *Tripp* and *Larimore* cases deal with defendants who were convicted for multiple crimes and were sentenced to a period of incarceration for one of the crimes and probation for the other. See *Tripp*, 622 So. 2d at 941; see also *Larimore*, 823 So. 2d at 287. Petitioner in this case received a split sentence for only one crime. *Tripp* was presented to the Supreme Court of Florida in the form of a certified question that was contingent on there being more than one crime committed. *Tripp,* 622 So.2d at 941. The certified question in *Tripp* was if a "trial court imposes a term of probation on *one* offense consecutive to a sentence of incarceration on *another* offense, can jail credit from the *first* offense be denied on a sentence imposed after a revocation of probation of the *second* offense?" *Id.* (emphasis added). These factual differences are substantial and determinative making the reasoning of *Tripp* and *Larimore* inapplicable to Petitioner's case.

Second, the court's concern in *Tripp* was to prevent defendants from serving time in excess of the statutory maximum by not awarding credit time served for the original incarceration period. *Tripp,* 622 So. 2d at 942. The Court stated, "the problem arises because Tripp committed two crimes. Unless he is given credit for time served on the one against the sentence imposed for the other upon the probation violation, his total sentence for the two crimes will be eight and one-half years, which is three beyond the permitted range of a one-cell bump." *Id.* at 942. Petitioner was convicted of a crime with the maximum sentence of life, making Petitioner's argument for granting him gain-time inconsistent with the purpose of granting credit time served in *Tripp*.

7

Based on all of these considerations, it is hereby ORDERED AND ADJUDGED:

1. The Report and Recommendation [EFC No. 16] is AFFIRMED AND ADOPTED.

2. Plaintiff's Motion for writ of *habeas corpus* [EFC No. 1] is DENIED.

3. This case is CLOSED.

4. All pending motions are DENIED AS MOOT and all hearings are CANCELLED.

DONE AND ORDERED in Chambers at Miami, Florida this 7 day of March, 2011.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

CC:
U.S. Magistrate Judge Patrick A. White

Eugene Dupree, #191855
Desoto Correctional Institution
13617 Southeast Highway 70
Arcadia, Florida 34266-7800